NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 29, 2020

James S. Friedman, Esq.
94 Church Street, Suite 302
New Brunswick, NJ 08903
*Counsel for Defendant*

Leslie F. Schwartz, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    **Re:**    **United States v. Conway**
            **Criminal Action No. 16-370 (SDW)**

Counsel:

Before this Court is Defendant James Conway's ("Defendant" or "Conway") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the*

> *defendant's facility*, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C. § 3582(c) (emphasis added).  As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616 at *2.

B.

On August 8, 2016, Defendant pled guilty to a two-count information which charged him with wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2, and accepting and attempting to accept unlawful kickbacks in violation of 41 U.S.C. §§ 8702, 8707 and 18 U.S.C. § 2.  (D.E. 5.) On September 26, 2019, this Court sentenced Defendant to a term of imprisonment of 28 months on each count, to be served concurrently, three years of supervised release on each count to be served concurrently, and $1,421,679.38 in restitution.  (D.E. 14, 15.)  Defendant is currently serving his sentence at Low Security Correctional Institution, Butner, North Carolina ("LSCI Butner"). (D.E. 18; 20-21 ¶ 2.)

On April 3, 2020, Defendant requested that he be transferred to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES"), 18 U.S.C. § 3624(c)(2)[1] because he feared exposure to COVID-19.  (D.E. 20-1 ¶ 5; 20-2 at 1.)  After LSCI Butner staff asked for clarification as to the nature of and basis for his request, Defendant filed a second submission on April 8, 2020, reiterating that his request was for home confinement under the CARES Act and stating that release was proper because he was a first-time, non-violent offender with chronic health conditions who posed a low security risk and had employment waiting for him upon his release. (D.E. 20-1 ¶¶ 5-6; 20-2 at 2-3.)  The BOP and LSCI Butner staff have determined that Defendant is not eligible for home confinement under the CARES Act.  (D.E. 20-1 ¶ 7.) Defendant has not, as of this time, made a request to the BOP for compassionate release pursuant to the FSA.  (D.E. 20-1 ¶ 8.)

Rather, on April 20, 2020, Defendant moved this Court for compassionate release under the FSA "on the grounds that his chronic obstructive sleep apnea and extreme obesity, along with his inability to protect himself from infection and probable death from COVID-19 . . constitute extraordinary and compelling circumstances" warranting his release.  (D.E. 19 at 7.)  However, this Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), *as revised* (Apr. 8, 2020); *Epstein*, 2020 WL 1808616 at *2 (citing cases declining to

---

[1] The CARES Act grants the Federal Bureau of Prisons ("BOP") authority to review all inmates for discretionary transfer to home confinement.

grant defendant's motion where defendant failed to exhaust administrative remedies).[2]  This is a statutory requirement that this Court may not waive.  *See, e.g.*, *Raia*, 2020 WL 1647922 at *2; *Massieu v. Reno*, 91 F.3d 416, 419 (3d Cir. 1996); *Ross v. Blake*, 136 S. Ct. 1850 (2016).  Because Defendant has not exhausted his administrative remedies, this Court may not consider the merits of his motion at this time, and his motion will be denied.

## **CONCLUSION**

Defendant's Motion for Compassionate Release is **DENIED without prejudice**.  An appropriate order follows.

          /s/ Susan D. Wigenton  
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk  
cc:     Parties

---

[2] Defendant's argument that exhaustion is futile because the BOP has already "determined the issue adversely against" him by denying his request for home confinement, (D.E. 19 at 3), is unavailing.  Defendant's request was made under the CARES Act, not the FSA.  As such, there has been no adverse determination by the BOP under the FSA.