UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

May 11, 2021

Lori M. Koch, Esq.
Federal Public Defender's Office
800-840 Cooper Street, Suite 350
Camden, NJ 08102
*Counsel for Defendant*

Leslie F. Schwartz, Esq.
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** **United States v. James Conway,**
**Crim. No. 16-370 (SDW)**

Counsel:

Before this Court are Defendant James Conway's ("Defendant") Motions for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 24, 25.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motions.

## **DISCUSSION**

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On August 16, 2016, Defendant pleaded guilty to a two-count information which charged him with (1) wire fraud in violation of 18 U.S.C. § 1343 and § 2 and (2) accepting unlawful kickbacks in violation of 41 U.S.C. §§ 8702 and 8707 and 18 U.S.C. § 2. (D.E. 5.) On September 26, 2019, this Court sentenced Defendant to a term of imprisonment of 28 months on each count (to be served concurrently), three years of supervised release on each count (to be served concurrently), and $1,421,679.38 in restitution. (D.E. 14, 15.) Defendant is currently serving his sentence at Low Security Correctional Institution, Butner, North Carolina ("LSCI Butner"). (*See* D.E. 25 at 1–2; D.E. 26 at 3.)

On April 3, 2020, Defendant requested that he be transferred to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 18 U.S.C. § 3624(c)(2),[2] because he feared exposure to COVID-19. (*See* D.E. 20-1 ¶ 5; D.E. 20-2 at 1.) The

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

[2] The CARES Act grants the Federal Bureau of Prisons ("BOP") authority to review all inmates for discretionary transfer to home confinement.

BOP and LSCI Butner staff determined at that time that Defendant was not eligible for home confinement under the CARES Act and denied his request. (*See* D.E. 20-1 ¶ 7.)

On April 20, 2020, Defendant moved this Court for compassionate release under the FSA "on the grounds that his chronic obstructive sleep apnea and extreme obesity, along with the inability to protect himself against infection and probable death from COVID-19 . . . constitute[d] extraordinary and compelling circumstances" warranting his release. (D.E. 19 at 1.) This Court denied Defendant's motion without prejudice on April 29, 2020, on the basis that he had never made a request to the BOP for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), and therefore had failed to meet the jurisdictional requirement of exhaustion of his administrative remedies. (*See* D.E. 21 at 2–3.) Following that decision, on June 17, 2020, Defendant's counsel petitioned the warden at LSCI Butner for a reduced sentence pursuant to 18 U.S.C. § 3582. (D.E. 25-2.) The warden denied this request on June 22, 2020. (D.E. 25-3.)

On January 29, 2021, Defendant filed a *pro se* motion for reduction of sentence under 18 U.S.C. § 3582. (D.E. 24.) Defendant's counsel filed a supplemented motion on March 25, 2021, and the Government opposed Defendant's motions on April 23, 2021. (D.E. 25, 26.) Because Defendant has exhausted his administrative remedies, his motions are ready for judicial review. *See* 18 U.S.C. § 3582(c)(1)(A).

C.

Defendant contends that his sleep apnea, hyperthyroidism, and obesity make him more vulnerable to becoming seriously ill should he contract COVID-19. (*See* D.E. 25 at 5–8.) The Centers for Disease Control and Prevention (CDC) indicate that obese individuals are "more likely to get severely ill from COVID-19." *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Apr. 29, 2021). However, the CDC does not associate sleep apnea or hyperthyroidism with a heightened risk of serious illness from COVID-19. *See id.* Moreover, according to Defendant's medical records, his sleep apnea is "stable" and being treated nightly with a C-PAP machine, and his hyperthyroidism "is at goal" and being treated with daily medication. (*See* D.E. 25 at 5–6; D.E. 26 at 17.)

Although this Court is sympathetic to Defendant's concerns regarding possible medical complications caused by COVID-19 exposure, Defendant's medical circumstances do not establish "extraordinary and compelling reasons" to warrant his release. *See Epstein*, 2020 WL 1808616, at *2. This is especially true because Defendant is fully vaccinated against COVID-19 as of March 10, 2021. (*See* Govt. Opp. Ex. A.) Thus, there is an "extremely small" likelihood that Defendant "will contract COVID-19 and become seriously ill." *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see United States v. Doostdar*, Crim. No. 18-255, 2021 WL 429965, at *3 (D.D.C. Feb. 8, 2021) (denying compassionate release because defendant's "probability of becoming ill from COVID-19 [was] significantly diminished by the fact that he [] received the COVID-19 vaccine"); *United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("The risk posed to an inoculated [defendant] is not an extraordinary and compelling reason for his release.").

Many courts around the country have found that even an obese defendant's vaccination against COVID-19 precludes a determination that susceptibility to the disease is "extraordinary and compelling" for purposes of the FSA. *See, e.g.*, *United States v. Rodriguez*, Crim. No. 15-254, 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) ("Given that [defendant] is or will soon be fully vaccinated against COVID-19, the Court concludes that [defendant's] obesity and hypertension are not extraordinary and compelling reasons justifying his release." (citations omitted)); *United States v. Williams*, Crim. No. 16-251, 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) ("any risk that [the defendant who suffers from high blood pressure and obesity] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus"); *United States v. Stewart*, Crim. No. 17-488, 2021 WL 1011041, at *1 (D. Haw. Mar. 16, 2021) (defendant with obesity and hypertension that received both Pfizer doses "is therefore much less likely [to] suffer serious complications from COVID-19"); *United States v. Shepard*, Crim. No. 07-85, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021) (defendant with obesity, skin cancer, and high blood pressure who received first vaccine dose "cannot show that he needs to be released from prison to protect him from risks associated with COVID-19"); *United States v. Beltran*, Crim. No. 16-4(SSSS), 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to defendant with diabetes, high blood pressure, and obesity who received first vaccine dose).

Even if Defendant were unvaccinated and his health conditions constituted extraordinary and compelling reasons for release, this Court would still deny his motions because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. Defendant defrauded his employer, which was responsible for significant construction contracts at military bases in New Jersey, of approximately $1.4 million dollars. (*See* D.E. 1.) He also solicited and obtained approximately $180,345 in kickbacks from four different subcontractors. (*See id.*) Despite a sentencing guideline range of 33 to 41 months, this Court sentenced Defendant to only 28 months' imprisonment due to his cooperation. (*See* D.E. 14, 15, 26 at 3.) Of that sentence, Defendant has only served 16 months thus far. (*See* D.E. 25 at 4.) A further reduced sentence here would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A). It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), including Defendant's co-conspirator in this case, Kevin Leondi, who received a five-year sentence. (*See* D.E. 26 at 19); *Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). This Court will therefore deny Defendant's motions.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motions for Compassionate Release are **DENIED**. An appropriate order follows.

                                                 /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties